# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Randy Chu

## DEFENDANTS
Trump Entertainment Resorts, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff: Harris
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Atlantic
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward S. Goldis, Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP, 1845 Walnut St., 21st Fl., Phila., PA 19103
215-567-8300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☒ 360 Other Personal Injury; ☐ 362 Personal Injury - Medical Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other | ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157 | ☐ 375 False Claims Act |
| ☐ 120 Marine | | | | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | **PERSONAL INJURY** — ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** — ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | | ☐ 450 Commerce |
| ☐ 151 Medicare Act | | | | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** — ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | **LABOR** — ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** — ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g)) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | | | | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — ☐ 440 Other Civil Rights; ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 445 Amer. w/Disabilities Employment; ☐ 446 Amer. w/Disabilities Other; ☐ 448 Education | **PRISONER PETITIONS** — **Habeas Corpus:** ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty; **Other:** ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** — ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | | **IMMIGRATION** — ☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions | | |
| ☐ 290 All Other Real Property | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Personal injury caused by condition of defendants' property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 9/9/13
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - CAMDEN

| | |
|---|---|
| RANDY CHU<br>　　　　　　　　　　　　Plaintiff<br><br>vs.<br><br>TRUMP ENTERTAINMENT RESORTS, INC.<br>　and<br>TRUMP ENTERTAINMENT RESORTS HOLDINGS, L.P.<br>　and<br>TRUMP TAJ MAHAL ASSOCIATES, LLC<br>d/b/a TRUMP TAJ MAHAL CASINO RESORT<br>　and<br>TRUMP ENTERTAINMENT RESORTS<br>DEVELOPMENT COMPANY, LLC<br>　and<br>THCR MANAGEMENT SERVICES, LLC<br>　and<br>JOHN DOES NOS. 1 - 10<br>　　　　　　　　　　　　Defendants | CIVIL ACTION<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT - CIVIL ACTION

### I.   PARTIES

1. Plaintiff Randy Chu is a citizen and resident of the State of Texas, residing therein at 9206 Reagan Meadows Court, Houston, Texas 77060.

2. Defendant Trump Entertainment Resorts, Inc. is a Delaware Corporation with a registered agent for service and process c/o Robert M. Pickus, 15 South Pennsylvania Avenue, Atlantic City, New Jersey, 08401.

3. Defendant Trump Entertainment Resorts Holdings, L.P. is a Delaware Limited Partnership with a registered agent for service and process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

4. Defendant Trump Taj Mahal Associates, LLC, d/b/a Trump Taj Mahal Casino Resort is a Domestic Limited Liability Company with a registered agent for service of process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

5. Defendant Trump Entertainment Resorts Development Company, LLC is a business

entity with an address for service of process at 1000 Boardwalk, Atlantic City, New Jersey, 08401.

6. Defendant THCR Management Services, LLC is a Delaware Limited Liability Company with a registered agent for service of process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

7. Defendants Trump Entertainment Resorts, Inc., Trump Entertainment Resorts Holdings, L.P., Trump Taj Mahal Associates, LLC, d/b/a Trump Taj Mahal Casino Resort, Trump Entertainment Resorts Development Company, LLC, and THCR Management Services, LLC are hereinafter collectively referred to as the "Trump defendants."

8. At all times relevant hereto, the Trump defendants owned, operated, maintained and controlled a hotel and casino in Atlantic City, New Jersey, which was open to the public.

9. Defendants John Does Nos. 1 through 10 inclusive are fictitious names for individuals or entities including, but not limited to corporations, partnerships, joint ventures, associations or other forms of public or private entities, including business entities, whose identities are presently unknown, but who at all times relevant hereto participated in the acts, omissions and/or breaches of duty described herein, including the management, inspection, maintenance and/or cleaning of the premises that are the subject of this action, as well as in creating, maintaining and/or failing to warn of the dangerous condition of the premises.

10. The Trump defendants and John Doe Nos. 1-10 are hereinafter collectively referred to as "the defendants."

II. **JURISDICTION**

11. Jurisdiction is founded upon diversity of citizenship. Plaintiff is a citizen of the State of Texas and the defendants are citizens of the State of New Jersey and/or Delaware. The matter in controversy, exclusive of interests and costs, exceeds the sum specified in 28 U.S.C. § 1332.

### III. FACTS

12. On October 12, 2012, plaintiff Randy Chu was a business invitee and paying guest of the Trump defendants.

13. On the aforesaid date at approximately 6:30 p.m., plaintiff was using a handicapped ramp inside the casino when he tripped and began to fall.

14. As plaintiff was falling, he reached for the adjacent railing, which broke and fell apart, causing plaintiff's arm to be severely lacerated by an exposed sharp edge of the broken railing.

### IV. CAUSES OF ACTION

#### COUNT ONE - NEGLIGENCE

#### Plaintiff Randy Chu v. All Defendants

15. The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

16. At all times relevant hereto, the defendants had a non-delegable duty to provide safe and secure facilities for plaintiff and other patrons of the Trump defendants.

17. The defendants knew or by using reasonable care should have discovered the condition which caused plaintiff's injuries, and should have realized that the condition involved an unreasonable risk of harm to invitees in general, and plaintiff in particular.

18. Plaintiff did not know or have reason to know of the condition or the risk of the condition.

19. The defendants knew or should have expected that invitees, licensees and plaintiff, in particular, would not discover or realize the danger or would fail to protect themselves from the danger.

20. The defendants, individually and through their actual and/or ostensible agents, servants, and/or employees, were negligent, careless and breached their duty of care generally and

in the following particular respects:

    a.    creating a dangerous condition of the premises;

    b.    maintaining a dangerous condition of the premises;

    c.    failing to warn the plaintiff of a dangerous condition of the premises;

    d.    failing to use reasonable care in the maintenance and use of the premises;

    e.    failing to use reasonable care to protect plaintiff from foreseeable harm;

    f.    failing to inspect the premises and discover the dangerous condition;

    g.    failing to realize the dangerous condition involved an unreasonable risk of harm to plaintiff;

    h.    failing to properly install the railings in the casino;

    i.    failing to properly inspect the railings in the casino;

    j.    failing to properly maintain and/or repair the railings in the casino;

    k.    failing to properly supervise the installation, inspection, maintenance, and repair of the railings in the casino;

    l.    failing to detect and identify the broken railing;

    m.    failing to inspect and repair the railing in a timely manner;

    n.    failing to create, implement and enforce proper policies and procedures for the inspection, maintenance and repair of the railing;

    o.    failing to comply with policies and procedures for the inspection, maintenance and repair of the railing;

    p.    failing to comply with industry standards and practices for the inspection, maintenance and repair of the railing;

    q.    failing to contact the maintenance department to notify it of the broken railing;

    r.    failing to close the area around the railing until it was repaired; and

    s.    failing to use "hazard" cones and/or other devices to warn of the dangerous condition.

21. As a direct result of the negligence, carelessness and other liability producing conduct of the defendants, plaintiff Randy Chu was caused to sustain serious and permanent personal injuries including, but not limited to, a left forearm dorsal laceration requiring approximately 20 stitches and laceration of extensor muscles and tendons, all of which required medical care and intensive physical therapy and treatment and which will require ongoing medical care and treatment, including future surgical intervention.

22. As a direct result of the negligence, carelessness and other liability producing conduct of the defendants, plaintiff has incurred substantial expenses for medical care and treatment, and he will continue to incur such expenses for the rest of his life.

23. As a direct result of the negligence, carelessness and other liability producing conduct of the defendants, plaintiff has suffered a loss of his earnings and earning capacity, and he will continue to suffer such loss for the rest of his life.

24. As a direct result of the negligence, carelessness and other liability producing conduct of the defendants, plaintiff has suffered a diminution in his ability to enjoy the ordinary pleasures of life, and he will continue to suffer such loss for the rest of his life.

25. As a direct result of the negligence, carelessness and other liability producing conduct of the defendants, plaintiff has experienced severe physical and emotional pain and suffering, and he will continue to suffer the same for the rest of his life.

WHEREFORE, plaintiff Randy Chu demands judgment in his favor and against all defendants for an amount in excess of the jurisdictional limit for arbitration together with interest and costs.

## JURY DEMAND

Trial by jury is demanded as to all issues set forth herein.

                        FELDMAN SHEPHERD WOHLGELERNTER
                        TANNER WEINSTOCK & DODIG, LLP

                        */s/ Edward S. Goldis*
                        Daniel J. Mann
                        Edward S. Goldis
                        1845 Walnut Street, 21st Floor
                        Philadelphia, PA 19103
                        215-567-8300
                        Attorneys for Plaintiff

Date: 9/9/13